FILED
2006 Nov-14 AM 09:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TENA Z. PAYNE; EARTHBORN STUDIOS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CV 06-B-0565-S<br>) |
| GAIL PITTMAN, INC.; GAIL PITTMAN; THOMAS MALEY, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendants' Motions to Dismiss, or, in the Alternative, Motion to Transfer. (Docs. 7 and 9.) Plaintiffs, Tena Z. Payne and Earthborn Studios, have sued defendants – Gail Pittman, Inc. ["GPI"], Gail Pittman, and Thomas Maley – alleging violations of Payne's copyright and trademarks and state-law causes of action for breach of contract, conversion, fraud and deceit, and unjust enrichment. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that GPI's Motions to Dismiss, (doc. 7) is due to be granted and its Motion to Transfer is due to be denied as moot; Pittman and Maley's Motion to Dismiss, (doc. 9), is due to be denied and its Motion to Transfer is due to be granted.

## I. MOTIONS TO DISMISS

**A. GPI'S MOTION TO DISMISS**

GPI contends that Counts II, III, and VII of plaintiffs' Complaint are preempted by the Copyright Act, and, "[b]ecause plaintiffs do not have a federal copyright registration, . . . this court does not have subject matter jurisdiction over these preempted claims or over the copyright claim alleged in Count V." (Doc. 7 ¶ 1.) It also contends that Counts I, IV, and VI are due to be dismissed for failure to state a claim. (*Id.* ¶ 2.) Plaintiffs response to GPI's Motion to Dismiss states:

> COMES NOW the Plaintiff [sic] in the above styled suit and responds to Defendants' Motion to Dismiss or, in the Alternative, to Transfer the Case to Mississippi as follows:
>
> The contract made the basis of this suit specifically states that it will be enforced in a Court of competent jurisdiction in Jefferson County, Alabama. It is governed by Alabama law. It further specifically states that "all parties waive any application of the doctrine of forum non-conveniens in this choice of venue." (See contract attached to complaint and herein attached for convenience of everyone to the affidavit of Tena Z. Payne). Moreover, the affidavit of Plaintiff shows actions being taken in Alabama to sell the offending materials made the basis of this suit. Therefore, jurisdiction and venue are proper against Gail Pittman, Inc. [i]n this Court. The individual defendants are indispensable parties to this cause and, therefore, are properly before this Court.

(Doc. 12 at 1-2.)

Plaintiffs' Opposition is wholly unresponsive to GPI's Motion to Dismiss their claims on the grounds that (1) plaintiffs' claims are preempted by the copyright law, (2) plaintiff's copyright claim is barred because they do not have a registered copyright, and (3) plaintiffs'

2

Complaint fails to to state a claim for relief.  The court finds that plaintiffs have abandoned their claims against GPI because they failed to address these arguments for dismissal of their claims.  *See Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998)(citing *Marek v. Singletary*, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995); *Continental Technical Servs., Inc. v. Rockwell Int'l Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991); *Harris v. Plastics Mfg. Co.*, 617 F.2d 438, 440 (5th Cir. 1980)), *cited in Standifer v. Sonic-Williams Motors, L.L.C.*, 401 F. Supp. 2d 1205, 1218 n.12 (N.D. Ala. 2005) *and Callahan v. Barnhart*, 186 F. Supp. 2d 1219, 1230 n.5 (M.D. Fla. 2002).

>The court notes –
>
>What makes a system adversarial rather than inquisitorial is not the presence of counsel, much less the presence of counsel where the defendant has not requested it; but rather, the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation [herself], but instead decides on the basis of facts and arguments pro and con ***adduced*** by the parties."

*McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991).  In this case, plaintiffs have adduced no argument in opposition to GPI's Motion to Dismiss; the court will not supply such argument on their behalf.  *See United States v. Barnett*, 330 F.2d 369, 421-22 (5th Cir. 1963)("All litigation . . . should be conducted in an atmosphere of independent, fearless impartiality.  The court should have no friends and no enemies amongst the litigants. . . .  The *sine qua non* of all litigation is the adversary system in which adverse parties represent and assert

adverse interests in a completely neutral atmosphere, where only the law and strict rules of justice can gain the attention of the court.").[1]

Because all claims against GPI are due to be dismissed, discussion of whether this court has venue over the claims against GPI is pretermitted and its Motion to Transfer will be denied as Moot.

**B. GAIL PITTMAN AND THOMAS MALEY**

Defendants Pittman and Maley contend that they "have no contacts with the State of Alabama that would subject them to the jurisdiction of this Court, and exercising jurisdiction over [them] would violate traditional notions of fair play and substantial justice." (Doc. 9 ¶ 4.) In response, plaintiffs argue, "The individual defendants are indispensable parties to this cause, and, therefore, are properly before this court." (Doc. 12 at 2.) Plaintiffs misunderstand the implication of the "indispensable" label.

Although the court doubts that Pittman and Maley are actually "indispensable" parties, "Only where joinder is not feasible must the court proceed under 19(b) to determine whether to proceed or dismiss for lack of an indispensable party. And only if the court decides that it must dismiss because of the absence of a 19(a) party is that party given the conclusory label 'indispensable.'" *English v. Seaboard Coast Line R. Co.*, 465 F.2d 43, 48 (5th Cir. 1972).

---

[1] Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

4

Defendants' status as indispensable parties does not influence the determination of whether their contacts with Alabama are sufficient to subject them to the jurisdiction of this court.

Rule 19 provides that necessary parties are to be joined if feasible. If not feasible, for reasons such as a lack of personal jurisdiction,[2] Rule 19(b) requires the court to consider whether the action can proceed without the necessary party. Fed. R. Civ. P. 19(b).[3] If it cannot, such party is said to be "indispensable," and the action must be dismissed. *See Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1280 (11th Cir. 2003)(citing *California v. Arizona*, 440 U.S. 59, 62 n.3 (1979); *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 358 (2d Cir. 2000)).

---

[2]*See Tracfone Wireless, Inc. v. US/Intelicom, Inc.*, 202 F.R.D. 321, 324 (S.D. Fla. 2001).

[3]Rule 19(b) states:

> If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or ***should be dismissed, the absent person being thus regarded as indispensable***. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Therefore, plaintiffs' contention that this court has personal jurisdiction over Pittman and Maley by virtue of their status as "indispensable parties" is simply wrong. As plaintiffs have produced no evidence or argument to show that this court has personal jurisdiction over Pittman and Maley, plaintiffs' claims against these defendants are due to be dismissed unless transferred.

Pittman and Maley ask the court to transfer this case to the United States District Court for the Southern District of Mississippi. Section 1631 provides:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . ., and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

28 U.S.C. § 1631.

The court finds that, in the interests of justice, plaintiffs' claims against Pittman and Maley should be transferred. *See Roman v. Ashcroft*, 340 F.3d 314, 329 (6th Cir. 2003)(citing 17 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, FEDERAL PRACTICE & PROCEDURE § 4104, at 406 ("noting that § 1631 is intended in part to protect petitioners from incurring additional expense if they erroneously file in the wrong court")); *Subsalve USA Corp. v. Watson Mfg., Inc.*, 462 F.3d 41, 43 (1st Cir. 2006). Therefore, Pittman and Maley's Motion to Dismiss will be denied and their Motion to Transfer will be granted.

**CONCLUSION**

For the foregoing reasons, the court is of the opinion that defendant GPI's Motion to Dismiss, (doc. 7), is due to be granted, and all claims against it are due to be dismissed. GPI's Motion to Transfer, (doc. 7), is due to be denied as moot. Defendants Pittman and Maley's Motion to Dismiss, (doc. 9), is due to be denied, and their Motion to Transfer, (doc. 7), will be granted and the case against the remaining defendants Pittman and Maley will be transferred to the Southern District of Mississippi. An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

**DONE,** this the 14th day of November, 2006.

_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE